**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie DeMarco, | No. CV-19-02385-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Life Insurance Company of North America, | |
| Defendant. | |

    This is an ERISA case. In their Rule 26(f) report, the parties noted that they disagree over whether Plaintiff is entitled to discovery, and if so, what the scope of that discovery should be. (Doc. 18 at 7-8.) Specifically, Plaintiff stated that she believes "*de novo* review" applies in this case and that she is therefore "entitled to engage in discovery consistent with *Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211 (9th Cir. 2007)," which will likely include "no more than 4 depositions." (*Id.* at 7.) Meanwhile, Defendant stated that "[b]ecause the plan confers discretion on LINA, the abuse of discretion standard applies. While some discovery into the dual-role conflict (or structural conflict) may be appropriate, the discovery must be narrowly-tailored to the facts of the specific case. Any conflict discovery can typically be accomplished through written discovery, without the need for depositions. LINA asks the Court to place a modest limit on written discovery and, if any depositions are permitted, to limit the number and amount of time permitted." (*Id.*)

    Based on these representations, the Court issued a scheduling order that, among other things, set a deadline for discovery-related briefing. (Doc. 20 at 2.) The relevant

paragraph of the scheduling order provides that "[i]f there is a dispute as to the need for and/or scope of discovery, the deadline for Plaintiff(s) to submit a brief concerning its position shall be September 17, 2019. This brief may be no longer than seven pages long, must identify—with specificity—any interrogatories, document requests, requests for admission, and/or depositions that Plaintiff(s) would like to pursue, and must set forth any legal authority supporting Plaintiff(s)' position. The deadline for Defendant(s) to file a response, which may not exceed seven pages in length, shall be October 17, 2019. No replies may be filed." (*Id.*)

Now pending before the Court is the parties' stipulated motion to vacate these deadlines. (Doc. 23.) In a nutshell, the parties argue that because they "disagree regarding the standard of review for the Court to apply in this matter, *i.e.* de novo or discretionary," they "believe the most efficient manner in which to litigate the case is for the standard of review issue to be briefed first with the Court deciding the issue. The standard of review will then inform the parties' briefing regarding whether discovery is permitted, and if so, the scope of discovery the Court may allow." (*Id.* at 2.)

This request will be denied. Although the scope of discovery may depend on the applicable standard of review, there's no reason why the parties can't brief both of these interrelated issues in the single set of briefs. Bifurcating the briefing schedule in the manner suggested by the parties—*i.e.,* the parties first brief the standard-of-review issue, then the Court reads the briefs and issues an order on that issue, then the parties submit another set of briefs addressing the scope of discovery, and then the Court issues another order after reading another set of briefs—would not promote judicial economy and would unnecessarily slow down the resolution of this case.

The Court will, however, increase the page limits set forth in the scheduling order. This change should give the parties the ability to address all of the relevant issues.

…

…

…

Accordingly, **IT IS ORDERED** that the parties' stipulated motion for an expedited order to vacate the current briefing schedule (Doc. 23) is **denied**.

**IT IS FURTHER ORDERED** that the page limits set forth in paragraph four of the scheduling order (Doc. 20) are modified such that each party's brief regarding discovery may not exceed 11 pages.

Dated this 9th day of September, 2019.

Dominic W. Lanza
United States District Judge